# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE BAKER,<br><br>            Plaintiff,<br><br>     v.<br><br>J. ALVA, et al.,<br><br>            Defendant(s). | **Case No.  1:14-cv-01020-AWI-MJS (PC)**<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br>**(ECF No. 1)**<br><br>**AMENDED PLEADING DUE IN THIRTY-DAYS**<br><br>**ORDER DENYING APPOINTMENT OF COUNSEL**<br>**(ECF No. 7)** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

Before the Court are (1) the Complaint for screening, and (2) Plaintiff's motion for appointment of counsel.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III.     SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants: (1) Alva, Correctional Officer at the California Substance Abuse and Treatment Facility - Corcoran, California ("SATF"), (2) Mendoza, Correctional Officer - SATF, (3) Chan, Correctional Sergeant- SATF, (4) Franco, Correctional Officer - SATF, (5) Daniels, Correctional Officer - SATF, (6) Johnson, Correctional Lieutenant - SATF.

Plaintiff is housed at SATF. Apparently he and his cell mate, a rival street gang member, were transferred together to a new cell.  After the transfer, Plaintiff expressed concern for his safety in sharing a cell with his cellmate. He so advised Defendant Johnson. Defendants advised him that he and the cell mate would be separated only if they fought each other. Thus, Plaintiff claims, Defendants had and followed a plan to force him into a "gladiator match" with his cell mate.

After an undefined "incident"[1], Defendant Chan told the other Defendants to retaliate against Plaintiff to prevent him from filing a lawsuit about that incident. Plaintiff subsequently was improperly transferred to a supermax 180 design facility.

Plaintiff seeks monetary damages.

### IV.     DISCUSSION

#### A.     Deliberate Indifference – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of

---

[1] It is not clear whether the "incident" was the cell transfer, a resulting fight or some other event.

3

punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995).

However, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). In order to state a claim for a violation of the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Where failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. *Orwat v. Maloney*, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Plaintiff claims Defendants intentionally staged a gladiator match by housing him with a rival cellmate. Such conduct can support an indifference claim. See *Robinson v. Prunty*, 249 F.3d 862, 866–67 (9th Cir. 2001) (intentional failure to respond to a known serious risk of harm from a gladiator-type scenario where prison guards knowingly released inmate onto the exercise yard with hostile inmates and watched the fighting between plaintiff and another inmate for five minutes before intervening).

However, Plaintiff also alleges he had the same cellmate both before and after the cell transfer. None of the facts plead suggest how Defendants' transfer of Plaintiff and his cellmate to a new cell reasonably lead to animosity and a fight between them.

He identifies nothing which would suggest the relationship between the two changed, and became threatening, after the transfer and that Defendants were aware of the change and resulting threat or of any threat whatsoever.

Failure to protect an inmate from harm violates the Eighth Amendment only if deliberate indifference by prison officials effectively condones the attack by allowing it to happen. *Borello v. Allison*, 446 F.3d 742, (7th Cir. 2006); see also *Farmer*, 511 U.S. at 833–34 (if deliberate indifference by prison officials effectively condones the attack by allowing it to happen, those officials can be held liable to the injured victim).

Plaintiff does not allege facts to support a claim Defendants knowingly failed to protect him from harm.

If Plaintiff chooses to amend, he must allege facts showing Defendants' knowing disregard of a substantial risk of serious harm to Plaintiff. He must describe the risk, explain how it arose and how Defendants were made aware of it, and how its threat grew into an actual risk of harm, and then harm, to Plaintiff.

**B.     Retaliation**

This claim requires: (1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that inmate's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff claims that, after the alleged gladiator match, Defendant Chan told the other Defendants to intimidate and retaliate against Plaintiff to prevent him from filing a lawsuit. However, Plaintiff does not allege any adverse action actually taken by Defendants in response to this information or otherwise in response to Plaintiff's having

5

engaged in protected activity. See e.g., *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), citing *Rhodes*, 408 F.3d at 568); see also *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (a plaintiff must show that his protected conduct was a "substantial" or "motivating" factor behind the defendant's conduct). Plaintiff alleges that he was improperly transferred to a supermax 180 design facility. He does not, however, allege facts suggesting the transfer was motivated by his having engaged in some protected activity and that it lacked legitimate penologic purpose.

Plaintiff does not allege facts sufficient to show Defendants retaliated against him for his protected activity.

If Plaintiff chooses to amend he must allege facts demonstrating that specific Defendants, without a legitimate penologic purpose, took adverse action against him because he undertook constitutionally protected conduct. He must specify the adverse action, what protected activity motivated it, and his basis for alleging it did not have a valid custodial purpose.

**C.     Appointment of Counsel**

Plaintiff seeks appointment of counsel on grounds he lacks funds to pay counsel; his repeated efforts to retain counsel have been unsuccessful; he has limited knowledge of the law; he has limited access to the law library; and his placement in administrative segregation limits his ability to locate witnesses and litigate this complex case involving conflicting testimony and requiring discovery.

1.     Legal Standard

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court cannot require an

attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, *Alvarez v. Jacquez*, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v. Hambly*, 14 F. App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

    2.    Appointment of Counsel Denied

There are not exceptional circumstances supporting appointment of counsel. The Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. The claims alleged do not appear to be novel or unduly complex. The facts alleged to date appear straightforward and unlikely to involve any

extensive investigation and discovery. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The papers filed by Plaintiff in this case reflect an appreciation of the legal issues and standards relating to deliberate indifference and retaliation and an ability to express same adequately in writing. The Court does not find that at present he cannot adequately articulate his claims pro se.

Finally, Plaintiff makes no showing that he has exhausted diligent efforts to secure counsel. His lack of funds and efforts to date do not demonstrate that further efforts to secure counsel necessarily would be futile.[2]

## V. CONCLUSIONS AND ORDER

Plaintiff does not demonstrate exceptional circumstances for the appointment of counsel. The Complaint fails to state any cognizable claim. The Court will provide Plaintiff with an opportunity to file an amended complaint curing the deficiencies identified by the Court in this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named Defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims

---

[2] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).

in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Finally, an amended complaint supersedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion for appoint of counsel (ECF No. 7) is DENIED without prejudice,

2. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his Complaint filed June 30, 2014,

3. Plaintiff's § 1983 Complaint (ECF No. 1) is DISMISSED for failure to state a claim upon which relief may be granted,

4. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order, and

5. If Plaintiff fails to file an amended complaint in compliance with this Order, the undersigned will recommend the action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated: August 5, 2014        /s/ *Michael J. Seng*
                             UNITED STATES MAGISTRATE JUDGE

9