# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. ALVA, et al.,<br><br>　　　　Defendant(s). | Case No.  1:14-cv-01020-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATIONS (1) FOR SERVICE OF COGNIZABLE CLAIM IN FIRST AMENDED COMPLAINT AGAINST DEFENDANTS ALVA, MENDOZA, FRANCO AND O'DANIELS, (2) DISMISSING DEFENDANTS CHAN AND JOHNSON, and (3) DENYING INJUNCTIVE RELIEF AND EXTENSION OF TIME TO FILE FIRST AMENDED COMPLAINT**<br>**(ECF Nos. 9, 10)**<br><br>**OBJECTIONS DUE WITHIN FOURTEEN (14) DAYS** |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. The Complaint was dismissed for failure to state a claim.

Before the Court are (1) the First Amended Complaint for screening, and (2) Plaintiff's motion for injunctive relief and extension of time to file the First Amended Complaint.

## I.　　SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

1

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

### III.    SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff names as Defendants: (1) Alva, Correctional Officer at the California Substance Abuse and Treatment Facility - Corcoran, California ("SATF"), (2) Mendoza, Correctional Officer - SATF, (3) Franco, Correctional Officer - SATF, (4) O'Daniels, Correctional Officer - SATF, (5) Johnson, Correctional Lieutenant - SATF.[1]

Plaintiff's claims can be summarized essentially as follows:

Plaintiff told Defendant Alva his assigned cellmate was a rival gang member and enemy, who threatened his safety. Plaintiff requested a new cellmate. Alva checked Plaintiff's C-File and confirmed that the two were enemies. Nevertheless, he left them together because of the shortage of cells.

Defendants Franco, O'Daniels and Mendoza moved the cellmates to a remote cell, the "gladiator cell". O'Daniels and Mendoza encouraged them to fight.

Plaintiff told Defendants Alva, Mendoza, Franco and O'Daniels the gladiator cell situation was unsafe and that hostility and tension between the cellmates was rising. Defendants took no action.

Plaintiff twice sent Defendant Johnson CDCR Form 22 requests explaining the risk and asking to be moved. Defendant Johnson did not respond.

Shortly thereafter, Plaintiff was seriously injured by the cellmate. He seeks monetary damages as compensation.

---

[1] Plaintiff crossed-out references to Defendant Chan and lodges no allegations against Defendant Chan.

3

## IV. DISCUSSION

### A.  Deliberate Indifference – Failure to Protect

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Prison officials must provide prisoners with personal safety. See *Toussaint v. McCarthy*, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by *Sandin v. Conner*, 515 U.S. 472 (1995); see also *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). The plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

Where failure to protect is alleged, the defendant must knowingly fail to protect plaintiff from a serious risk of conditions of confinement where defendant had reasonable opportunity to intervene. *Orwat v. Maloney*, 360 F.Supp.2d 146, 155 (D. Mass. 2005), citing *Gaudreault v. Municipality of Salem*, 923 F.2d 203, 207 n.3 (1st Cir. 1991).

Plaintiff alleges that Defendants Alva, Mendoza, Franco and O'Daniels intentionally housed him with a gang rival and enemy and then, aware of the safety risk this created, refused to respond to that risk even though they had the apparent ability to do so. This is sufficient on screening to state a cognizable failure to protect claim against these Defendants. See *Hoban v. Godinez*, 502 Fed.Appx. 574, 578 (7th Cir. 2012) (failure to protect inmate from known risk of attack by gang members sufficient to claim deliberate indifference); see also *Robinson v. Prunty*, 249 F.3d 862, 866–67 (9th Cir. 2001) (intentional failure to respond to a known serious risk of harm from a gladiator-type scenario where prison guards knowingly released inmate onto the

4

exercise yard with hostile inmates and watched the fighting between plaintiff and another inmate for five minutes before intervening).

The facts alleged sufficiently suggest that Defendants Alva, Mendoza, Franco and O'Daniels effectively condoned the cellmate hostility and resulting attack by allowing it to happen. See *Borello v. Allison*, 446 F.3d 742, 749 (7th Cir. 2006) (defendant's deliberate indifference must effectively condone the attack by allowing it to happen); accord, *Farmer*, 511 U.S. at 833–34 (if deliberate indifference by prison officials effectively condones the attack by allowing it to happen, those officials can be held liable to the injured victim).

Plaintiff, however, does not sufficiently link Defendant Johnson to the alleged rights violation. The allegation that he sent Johnson Form 22 requests is not sufficient to demonstrate Johnson actually became aware of the requests at a time when he had an opportunity to respond to them.

Plaintiff does not direct any allegations against Defendant Chan. He crosses-out references to Chan in the pleading.

Accordingly, the Court concludes that Plaintiff's pleading states an Eighth Amendment failure to protect claim against Defendants Alva, Mendoza, Franco and O'Daniels, but not Defendants Johnson and Chan.

Plaintiff was previously advised of the deficiencies in his claims. He failed to correct them as to Johnson and Chan. There is no reason to believe further amendment would be productive.

**B.     Injunctive Relief and Extension of Time**

Plaintiff filed a motion for injunctive relief and extension of time, apparently in the belief non-party custody staff failed to send his First Amended Complaint to the Court.

5

However, his First Amended Complaint was timely filed. (See ECF Nos. 8 & 9.) The request for extension of time is unnecessary.

Similarly, Plaintiff makes no showing that he needs and is entitled to injunctive relief relating to the prison's processing of the First Amended Complaint. As noted the First Amended Complaint was timely filed. Plaintiff points to no potential harm or hardship. *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*, 762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury). Nothing before the Court suggests a need for extraordinary relief. *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22 (2008).

Additionally, a federal court may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985). Here, Plaintiff seeks injunctive relief against a non-party, an individual over whom the Court has no jurisdiction or authority to issue an order directly impacting him or her.

## V.   CONCLUSIONS AND RECOMMENDATIONS

The undersigned concludes that Plaintiff's motion for injunctive relief and extension of time is unnecessary and lacks merit; and that the First Amended Complaint states a failure to protect claim against Defendants Alva, Mendoza, Franco and O'Daniels, but no other claim.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's motion for injunctive relief and extension of time should be denied,

2. Plaintiff should proceed on the First Amended Complaint failure to protect claim for damages against Defendants Alva, Mendoza, Franco and O'Daniels,

3. All other claims asserted in the First Amended Complaint and all other named Defendants should be dismissed with prejudice,

4. Service should be initiated on the following Defendants:

   **ALVA** - SATF Correctional Officer,

   **MENDOZA** – SATF Correctional Officer,

   **FRANCO** – SATF Correctional Officer,

   **O'DANIELS** – SATF Correctional Officer,

5. The Clerk of the Court should send Plaintiff four (4) USM-285 forms, four (4) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the First Amended Complaint filed September 2, 2014,

6. Within thirty (30) days from the date of adoption of these Findings and Recommendations, Plaintiff should complete and return to the Court the notice of submission of documents along with the following documents:

   a. Completed summons,

   b. One completed USM-285 form for each Defendant listed above,

   c. Five (5) copies of the endorsed First Amended Complaint filed September 2, 2014, and

7. Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

7

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   September 15, 2014              /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE