UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| TOMMIE LEE BAKER, | CASE NO. 1:14-cv-1020-AWI-MJS (PC) |
|---|---|
| Plaintiff, | **ORDER DENYING REQUEST FOR ENTRY OF DEFAULT** |
| v. | |
| J. ALVA, et al., | **(ECF NO. 23)** |
| Defendants. | |

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. (ECF Nos. 4 & 9.) The action proceeds on Plaintiff's Eight Amendment failure to protect claim against Defendants Alva, Mendoza, Franco, and O'Daniels. (ECF Nos. 11 & 13.)

On November 20, 2014, the Court ordered service upon Defendants by the U.S. Marshals Service. (ECF No. 17.) On December 19, 2014, the Court received waivers of service of summons from all four Defendants; the requests for waiver were sent on December 16, 2014. (ECF No. 13.) Defendants answers were due February 17, 2015. (Id.) Defendants filed their answer on January 16, 2015. (ECF No. 19.)

Before this Court is Plaintiff's request to enter default against Defendants based on their failure to timely answer or otherwise respond to his complaint. (ECF No. 23.)

## II. LEGAL STANDARD

In general, "[a] summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). However, many defendants have "a duty to avoid unnecessary expenses

of serving the summons." Fed. R. Civ. P. 4(d)(1). "The plaintiff may notify such a defendant that an action has been commenced and request that the defendant waive service of a summons." Id. Rule 12(a)(1)(A)(ii) of the Federal Rules of Civil Procedure provides that a defendant that has timely waived service under Rule 4(d) must respond "within 60 days after the request for a waiver was sent, or within 90 days after it was sent to the defendant outside any judicial district of the United States."

Rule 55(a) of the Federal Rules of Civil Procedure requires that the Clerk of the Court enter default "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Rule 55(b)(2) provides that the Court may grant a default judgment after default has been entered by the Clerk of the Court.

**III.   ANALYSIS**

Plaintiff is not entitled to entry of default because Defendants timely filed an answer to the complaint. (ECF No.19.) Pursuant to Rule 12, Defendants had sixty days after the request for waiver was sent to file their responsive pleading. The request for waiver was sent on December 16, 2014 (ECF No. 18). Defendants' answer was due on February 17, 2015. Defendants filed their answer on January 16, 2015. (ECF No. 19.) The answer was timely.

**IV.   ORDER**

Accordingly, Plaintiff's request for entry of default is HEREBY DENIED.

IT IS SO ORDERED.

Dated:   February 4, 2015          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE