UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMIE LEE BAKER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>J. ALVA, et al.,<br><br>　　　　Defendant. | 1:14-cv-01020-AWI-MJS (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Document# 22) |

On February 02, 2015, plaintiff filed a motion seeking the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

1

In the present case, the court does not find the required exceptional circumstances. Even if it is assumed that plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily. Further, at this early stage in the proceedings, the court cannot make a determination that plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the court does not find that plaintiff cannot adequately articulate his claims. Id.

Plaintiff notes that he seeks counsel because Defendants have not responded to his informal discovery requests within fifteen days. Defendants' responses are not due within fifteen days, and the failure to respond to Plaintiff's requests within that time does not warrant the appointment of counsel. As noted in the Court's discovery and scheduling order (ECF No. 21), Defendants have forty-five days after a written discovery request is served to serve responses. If Defendants fail to respond to the request within that amount of time, or if they do but their response is inadequate, Plaintiff may seek relief by filing a motion to compel.

For the foregoing reasons, plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated:   February 5, 2015            /s/ *Michael J. Seng*
                                      UNITED STATES MAGISTRATE JUDGE